Matney v. Ferrill.

CASE 53—PETITION EQUITY—JAN. 9.

# Matney & Ferrill.

APPEAL FROM PIKE CIRCUIT COURT.

1. FALSE REPRESENTATIONS—SET-OFF.—Where one through an agent makes false and fraudulent representations in the sale of a tract of land with reference to a vein of coal thereon, and its location, thickness and quality, which induced the purchaser to buy the land, and the principal caused said false representations to be made and knew they were untrue, in an action to enforce a vendor's lien for deferred payments, the defendant may set-off the damage he has sustained by reason of such false representations against the purchase price.

2. COVERTURE—FRAUD—EQUITY.—A married woman who comes into a court of equity asking the enforcement of a contract brought about through her fraud, will not be permitted to rely upon her coverture so as to defeat the defendant's right of set-off in damages by reason of the fraud.

CONNOLLEY & CONNOLLEY AND BART. BELCHER FOR APPELLANT.

1. A *feme covert* may constitute her husband as her agent, and is bound by his promises and representations in regard to her property at the time of the sale, which he is making as such agent.   (9 Amer. & Eng. Enc. of Law, pp. 836 *et seq.*; 53 Conn., 496.)

    And where there are facts sufficient to imply the relation of principal and agent, the parties are bound.   (1 Amer. & Eng. Enc. of Law, 345.)

2. An unauthorized act by one assuming to be the agent of another may be ratified by the principal, and such ratification gives to the act the same effect as if it were previously duly authorized.   (1 Amer. & Eng. Enc. of Law, 429.)

The answer alleges that appellee well knew of the fraud perpetrated by her husband and agent, and that she ratified it by making the conveyance in compliance with the contract made by him.

E. W. HINES FOR APPELLEE.

1. The amended pleading is designated in the caption only as an "amended answer," and can not be considered as an amendment to the counter-claim attempted to be pleaded in the original pleading. The original pleading being insufficient as a counter-claim, it could not be perfected by the amendment which was designated merely as an "amended answer." (Sub.sec. 4 of sec. 97, Civil Code.)

2. A married woman is not liable in damages for false representations. (Curd v. Dodds, 6 Bush, 681; Falmouth Bridge Co. v. Tibbatts, 16 B. M., 637.)

3. It is not clearly or distinctly alleged that appellant believed the representations to be true; but if the allegation should be so construed, it is made by way of recital merely, and not alleged as a fact, and not therefore good on demurrer. (Bliss on Code Pleading, sec. 318.)

4. The pleading shows the appellant's counter-claim is barred by limitation, and there is no allegation that he did not discover the fraud until within five years before he filed his pleading. Without such an allegation he could not maintain his action. (Woods v. James, 87 Ky., 511.)

SAMUEL J. SALYER ON SAME SIDE.

1. Where a party is seeking relief because of an alleged fraud committed against him in the transaction, and it appears that the fraud was committed more than five years before the institution of his action, he must allege that he did not discover the fraud until within five years, and could not have done so with reasonable diligence. (Wood v. James, 87 Ky., 511; Brown v. Brown, 91 Ky., 639; Fritchler v. Koehler, 83 Ky., 78.)

2. A *feme covert* can convey realty in this State only by virtue of the statute, and can not make herself liable in damages for false representations. (Falmouth Bridge Co. v. Tibbatts, 16 B. M., 637.)

JUDGE WHITE DELIVERED THE OPINION OF THE COURT:

This is an appeal from the Pike Circuit Court. The appellee, Kentucky Ferrell, sued appellant to recover on notes executed by appellant Matney for the pur-

chase price of a tract of land near Pikeville, in Pike county.

The whole purchase price agreed to be paid by appellant was $2,500, of which he had paid about one-half at the date of the institution of this suit.

At the time of the sale of the land Mrs. Ferrell, the appellee, was a married woman, wife of R. M. Ferrell, who has since departed this life. The land sold to appellant was the property of Mrs. Ferrell, the appellee. The appellant resists the payment of the notes sued on on the ground of fraud in the sale of the land to him.

Appellant by answer charges "that he made the contract with R. M. Ferrell, the husband and agent of appellee, in making the sale of the land to him, for which the notes were executed. R. M. Ferrell was the plaintiff's husband, and the person with whom defendant made the trade, and who had authority as agent and husband of plaintiff, falsely and fraudulently represented that there was a four-foot vein of stone coal on the land near or about the lower end of the orchard, and which showed up well, and that said vein was worth half what he asked for the land, which was $2,500. Defendant says that by reason of these representations made to him at various times by R. M. Ferrell, plaintiff's husband, believing the same to be true, he was induced to make the purchase, and did buy the land of R. M. Ferrell, plaintiff's husband, and executed the notes sued on.

Defendant, further answering, says that plaintiff's authorized agent and husband, R. M. Ferrell, repre-

sented and told him before and at the time he did pur-
chase the land for which the notes were executed that
the said coal vein was near the creek and public road,
and was four feet thick and a good quality of coal,
showed up well and was the same vein as the Dick
Syck vein, and giving reasons why he (Ferrell) had not
opened up said coal mine, charging that all these rep-
resentations were false and untrue, and were made by
plaintiff's husband with a view to induce defendant to
purchase the land.

Defendant further charges that there was not, at the
time he purchased said land, such a vein of coal on said
land at the place designated by plaintiff's husband, or
on said land at all, but there was a vein of coal about
the place designated by plaintiff's husband, but it was
only about fourteen inches thick and does not enhance
the value of the land or add anything to its value, and
which could not be worked, and also charges that all
of said statements of plaintiff's said agent and husband
were false and untrue and by them defendant was in-
duced to make the purchase at $2,500; that said land
was worth not more than one-half that sum at the time
of the purchase; that if said vein of coal had been four
feet thick on said land, as represented by plaintiff's
husband at the time of the trade, said land, would
have been worth $3,000. He pleads the difference in
the value of the land of $1,250 as it is, and what it
would have been worth if the vein of coal had been on
it as represented, it being $1,750, as set-off and coun-
terclaim against the notes sued on.

To this answer plaintiff filed a demurrer, which was sustained, and defendant given leave to amend, whereupon defendant filed his amended answer, in which he charges that the false and fraudulent representations set out in the original answer were made by plaintiff through her husband and agent, R. M. Ferrell, to induce this defendant to purchase the land, and were all known to her, and she caused and induced them to be made. She knew at the time of the conveyance they had been made; acquiesced in them; acted upon them; carried out the fraud by conveying the land with full knowledge of the fact that it was a fraud, knowing at the time that the true vendable value of the land was not more than $1,000 or $1,200.

To this amendment and original answer plaintiff insisted on her demurrer, which was sustained by the court, and judgment rendered for appellant for the amount sued for, with decree of sale of the land, and from that judgment this appeal is prosecuted and a reversal asked.

The appellee being a married woman at the time of the sale and conveyance of the land involved in this case, she could not bind herself by promissory contract or make herself liable in damages for a failure to comply with the contract. However, when one comes into a court of equity asking the court to enforce a contract brought about by her fraud or the fraud of her husband while acting as her agent in making the sale of her property, presents a different question. A court of equity could not enforce such a contract without giv-

ing its aid to the perpetration of a fraud. In such cases the courts of equity should at least purge the transaction or refuse to stain its ermine by taking jurisdiction of the complaint of a plaintiff asking the enforcement of a contract tainted with fraud.

It is a well-known rule of equity that those who come into a court of equity must do equity. In this case the answer and amended answer charge fraud and false representations that induced the appellant to make the purchase; that these false and fraudulent representations were made by appellees' husband and agent, and that the appellee induced and caused them to be made, knowing they were false and fraudulent, and now when she is seeking the fruits of this fraudulent transaction, she, to avoid it, relies on her coverture. If the statements in appellant's answer be true, and it must be taken as true on demurrer, we see no reason why he should have the right to set off the damages he has sustained against the purchase money not yet paid by him.

We think the court erred in sustaining the demurrer to defendant's answer and amended answer.

Wherefore the judgment is reversed and cause remanded, with directions to the lower court to set aside the order sustaining demurrer to defendant's answer and amended answer and overrule the same, and for further proceedings in conformity with this opinion. On the return of the cause the court should allow either party to amend their pleadings asking a rescission of the contract if they should desire to do so.